| | |
|---|---|
| 1 | KEVIN V. RYAN, SBN 118321<br>United States Attorney |
| 2 | JOANN M. SWANSON, SBN 88143<br>Assistant United States Attorney |
| 3 | Chief, Civil Division<br>SARA WINSLOW, DCBN 457643 |
| 4 | Assistant United States Attorney |
| 5 | 450 Golden Gate Avenue, Box 36055<br>San Francisco, California 94102 |
| 6 | Telephone: (415) 436-7260<br>Facsimile:  (415) 436-7169 |

Attorneys for Defendant

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| JOSELUIS RAMIREZ, | ) | |
| Plaintiff, | ) | CIVIL NO.  06-03443 JW |
| v. | ) | STIPULATION AND ORDER OF REMAND |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
| Defendant. | ) | |

The Commissioner has notified the United States Attorney's Office that portions of the cassette tape recording of Plaintiff's hearing are inaudible.  The Commissioner of Social Security has, therefore, requested remand under Sentence 6 of 42 U.S.C. 405(g) in order to remand the claim to an Administrative Law Judge (ALJ) for a *de novo* hearing.

Pursuant to section 205(g) of the Social Security Act, 42 U.S.C. 405(g):

> The court may, on motion of the Commissioner made for good cause shown before he files his answer, remand the case to the Commissioner for further action by the Commissioner .

See Melkonyan v. Sullivan, 501 U.S. 89, 101 n.2 (1991); Shalala v. Schaefer, 509 U.S. 292(1993).

The joint conference committee of Congress in reporting upon the Social Security Disability Amendments of 1980 (to the Social Security Act) stated that in some cases procedural difficulties, such as an inaudible hearing tape or a lost file, necessitate a request for remand by the Secretary.  The

1 | intent of the committee was that such procedural defects be considered "good cause" for remand.
2 | The committee states:

> Such a situation is an example of what could be considered 'good cause' for remand. Where, for example, the tape recording of the claimant's oral hearing is lost or inaudible, or cannot otherwise be transcribed, or where the claimant's files cannot be located or are incomplete, good cause would exist to remand the claim to the Secretary for appropriate action to produce a record . . . (H.R. Rep. No. 96-944, 96th Cong., 2d Sess. 59 (1980)).

Good cause having been shown, the parties agree that this action should be remanded to the Commissioner of Social Security for further proceedings. Upon receipt of the Court's order of remand, the Commissioner will vacate the final decision, and remand the case to an Administrative Law Judge for a a *de novo* hearing and new decision. Defendant will respond to Plaintiff's complaint in this Court when Plaintiff's record is complete and/or when an administrative transcript is prepared.

Dated: August 30, 2006

/s/
JAMES HUNT MILLER
Attorney for Plaintiff

KEVIN V. RYAN
United States Attorney

Dated: August 31, 2006    By:    /s/
SARA WINSLOW
Assistant United States Attorney

PURSUANT TO STIPULATION, IT IS SO ORDERED that this action is remanded, pursuant to sentence six of 42 U.S.C. 405(g), to the Commissioner for further proceedings as stated above.

Dated: September 5, 2006

_____
JAMES WARE
United States District Judge

RAMIREZ, REMAND STIP S6 (md)
C 06-03443 JW

2